RECEIVED
IN LAKE CHARLES, LA.

JAN 30 2012

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| SEDRICK NED, ET AL. | : | DOCKET NO. 2:11 CV 514 |
| VS. | : | JUDGE MINALDI |
| CHEMICAL WASTE MANAGEMENT, INC. | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the court is a Motion to Certify Class [Doc. 19], filed by the plaintiffs, Sharunda Carter, Sedrick Ned, and Valerie Victorian. The defendant, KMCO, LP, filed an Opposition [Doc. 32].

### FACTS

This case arises from the alleged release of toxic chemicals from the Chemical Waste Management Facility in Carlyss, Louisiana on October 15, 2010. The plaintiffs allege that they suffered physical and mental injuries as a result of the release. They seek certification of a class consisting of persons and entities who were similarly injured.

### CLASS CERTIFICATION STANDARD

Class actions are governed by Rule 23 of the Federal Rules of Civil Procedure. To be certified, a class must satisfy the following threshold requirements of 23(a): (1) numerosity (a "class [so large] that joinder of all members is impracticable"); (2) commonality ("questions of law or fact common to the class"); (3) typicality ("named parties' claims or defenses are typical ... of the class"); and (4) adequacy of representation (representatives "will fairly and adequately protect the interest of the class"). *Wal-Mart v. Dukes*, 131 S. Ct. 2541, 2548 (2011); *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613 (1997).

1

In addition, the putative class must satisfy one of the grounds for class certification listed in Rule 23(b). *Dukes*, 131 S. Ct. at 2548. The plaintiffs seeks class certification under Rule 23(b)(3), which provides that a court may certify a class if it finds (1) that "questions of law or fact common to class members predominate over any questions affecting only individual members" and (2) that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

The party seeking class certification bears the burden of showing that all of the criteria for certification are met. *See Unger v. Amedisys Inc.*, 401 F.3d 316, 320 (5th Cir. 2005). Class certification is soundly within the district court's discretion, and the court "must conduct a rigorous analysis of the Rule 23 prerequisites before certifying a class." *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 740 (5th Cir. 1996). "

## DISCUSSION

On January 27, 2012 the parties stipulated that the proposed class is not so numerous that the joinder of all parties would be impractical. The parties further agreed that the plaintiffs will not offer evidence to support a finding that the proposed class meets any of the remaining requirements for class certification under Rule 23(a), nor will they offer evidence showing that this action may be maintained as a class action under Rule 23(b)(3).

In light of the stipulations of the parties, the court finds that the plaintiffs have failed to carry their burden of showing that proposed class satisfies the requirements of Federal Rule of Civil Procedure 23. Accordingly, it is

ORDERED that the Motion to Certify Class is DENIED.

Lake Charles, Louisiana, this 30 day of _____ 2012.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE